UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DILLION WICHMAN, | ) |
| Petitioner, | ) |
| v. | ) No. 1:18-cv-00855-TWP-MJD |
| WARDEN, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Dillion Wichman ("Wichman") for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. JCU 17-09-0012. For the reasons explained in this Entry, Mr. Wichman's habeas petition is **denied**.

A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On September 6, 2017, Sergeant Mitchell Young issued a Report of Conduct charging Wichman with possession of a cell phone in violation of Code A-121. The Report of Conduct states:

> On 09-6-2017, I Sergeant Young the Facility Investigator, at approximately 0900 had reason to believe that there was a cell phone hidden in Offender Wichman, Dillion #263994 mattress. Offender Wichman's bunk area and mattress was searched. There was a small hole in the pillow area of the mattress. Upon first searching the mattress nothing was found. A cell scence[1] was used by laying it across two chairs and Offender Wichman's mattress was slid underneath. The cell scence buzzed indicating that there was another object inside the mattress. Upon further search a cell phone was found inside in the built in pillow area. It was in the mattress stuffing with extra stuffing sewn around it.

Sergeant Stephen Jeter completed an Incident Report Form, which provides:

> On 09/6/2017 at approximately 0930 while assisting Sgt Mitchell Young with a search of offender Wichman, Dillion #263994 mattress I witnessed Sgt Young find a small hole in the pillow area of the mattress and once he inspected it further there was further internal holes and manipulated stuffing with a cell phone inside. End of statement.

Wichman was first notified of the charge on September 6, 2017, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Wichman requested a statement from offender Ebb Howard as well as the cell phone. On September 12, 2017, Wichman was screened again, and he again requested a statement from Ebb Howard and photos of the cell phone and mattress. Offender Howard submitted a statement that, "I never seen any cell phone use by offender Wichman." Wichman produced a statement from JCU Receiving Officer Wassen that states:

> Mattresses are placed in the dorm as needed and replaced as needed. Mattresses are only issued on arrival if their bunk does not already have a mattress. We currently do not have a bunk inspection for mattresses. Bunks are fitted with mattresses as needed.

---

[1] A CellSence detects contraband items that contain iron using ferromagnetic detection technology.

The Hearing Officer conducted a disciplinary hearing on September 22, 2017, and noted that Wichman stated, "On 09/6/2017 I was given a hearing date of 9/7/2017 and not notified of a postponement and the cell sense was used on the walls before going to my dorm and bed area. Anyone could have put their mattress on my bunk. They are not assigned to us at JCU." The Hearing Officer then determined that Wichman had violated Code A-121, stating, "The cell phone in question was sewn into the mattress that Wichman had on his bunk. The cell phone even had charge on it to turn it on along with a cell phone charger. Offenders are responsible for their living area." The sanctions imposed included the deprivation of 180 days of earned credit time and the demotion from credit class I to credit class II.

Wichman filed an appeal to the Facility Head, who modified the sanction to a loss of 60 days of earned credit time and the demotion of one credit class. Wichman then appealed to the Final Review Authority, who denied it on November 28, 2017

### C.     Analysis

Winchman challenges the disciplinary action against him arguing that the phone was in the bed area before he arrived, that there are no facts to support the write-up, and that he presented facts at his hearing. These contentions are all understood to be an argument that the evidence was insufficient to support his conviction.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some

evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Winchman challenges the sufficiency of the evidence against him arguing that the phone did not belong to him and that the hearing officer refused to consider the evidence he presented. While Winchman argued the phone did not belong to him and presented evidence in his defense, the fact that the phone was found in his mattress is sufficient evidence to support the hearing officer's conclusion. This fact certainly constitutes "'some evidence' logically supporting" the hearing officer's conclusion that Winchman possessed the cellular phone and demonstrates "that the result [wa]s not arbitrary." *Ellison*, 820 F.3d at 274; *see House v. Daniels*, 637 Fed. Appx. 950, 951 (7th Cir. 2016) (holding that "some evidence" existed because the evidence did not rest on "shared access alone" but also additional evidence increasing the likelihood that the specific petitioner was actually guilty). The hearing officer's conclusion was a close call (perhaps this is why the penalty was reduced to 60 days) and under other burdens of proof would likely be insufficient. However, the burden of proof to support a prison disciplinary conviction is merely "some evidence," accordingly, Winchman is not entitled to habeas relief.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Winchman to the relief he

seeks. Accordingly, Winchman's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/9/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DILLION WICHMAN
263994
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All electronically registered counsel